**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KENNETH W. SHAVERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CV-578 JHP-SAJ |
| ) | |
| I.C. CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

Before the Court is Defendant I.C. Corporation a/k/a I.C. of Oklahoma, LLC's Partial Motion to Dismiss, Plaintiff Kenneth W. Shavers's Response, and Defendant's Reply. For reasons stated herein, Defendant's Motion is GRANTED in its entirety, without prejudice.

In its Motion, Defendant moves to dismiss Plaintiff's Title VII claim, which Plaintiff concedes in his Response. Defendant also moves to dismiss Plaintiff's state law claim under 12 Okla. Stat. § 1302, which claim Plaintiff also concedes in his Response. Because there is no controversy as to these two claims, the Court will not discuss them further and Defendant's Motion to Dismiss Plaintiff's claims under Title VII and 12 Okla. Stat. § 1302 is GRANTED.

Defendant further moves to dismiss Plaintiff's claim under 25 Okla. Stat. § 19.01 for the reason that such claim does not exist under Oklahoma law. Plaintiff responds that he has a viable cause of action pursuant to 25 Okla. Stat. § 1901. Plaintiff has been on notice since at least December 19, 2005, when the Court entered an Order based on its assumption that Plaintiff intended to cite § 1901 instead of the non-existent § 19.01, that this cause of action was incorrectly stated on the face of his Complaint. Plaintiff has yet to file an Amended Complaint. Moreover, 25 Okla. Stat. § 1901 is procedural in nature and does not actually create a viable

cause of action. For these reasons, Defendant's Motion to Dismiss Plaintiff's cause of action under either 25 Okla. Stat. § 19.01 **or** § 1901 is GRANTED.

Finally, Defendant moves to dismiss Plaintiff's claim for wrongful termination in violation of the public policy of Oklahoma. In response, Plaintiff claims a viable cause of action under 85 Okla. Stat. § 5, but disclaims any other "common law" wrongful termination claims. The Court notes that any "common law" or "public policy" claim would necessarily fail because Plaintiff has an adequate remedy under the ADA, which is the only cause of action Defendant has not challenged. See Clinton v. State *ex rel.* Logan Cty. Election Bd., 29 P.3d 543, 546 (Okla. 2001). The Court further notes, and for the second time, that Plaintiff did not cite 85 Okla. Stat. § 5 in his Complaint, and has not filed an Amended Complaint. According to this Court's Order dated December 19, 2005, "Although the Court requires only 'notice pleading,' the Complaint must indeed give fair notice of the claims. Here, the Complaint contains neither the citation nor the necessary facts upon which to base a retaliatory discharge claim under 85 Okla. Stat. § 5." For these reasons, Defendant's Motion to Dismiss Plaintiff's public policy claims **and** any claims which were allegedly asserted or could be inferred under 85 Okla. Stat. § 5, is GRANTED.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma